IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDY GIOIOSO

   Plaintiff,

vs.               Civil Action No. ADC-16-3841

THOROUGHGOOD'S TRANSPORT LLC
and MICHAEL D. BAILEY,

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This Memorandum Opinion addresses the Motion for Protective Order (ECF No. 30) filed by Defendants Thoroughgood's Transport LLC and Michael Bailey (collectively, "Defendants") against Plaintiff Judy Gioioso. On November 30, 2016, Plaintiff filed suit in this Court against Defendants alleging counts of negligence, respondeat superior, and negligent entrustment arising out of an automobile accident between Plaintiff and Defendant Bailey, who was employed by Defendant Thoroughgood's and driving one of Defendant Thoroughgood's vehicles. ECF No. 1 (hereinafter "the Complaint"). On December 7, 2016, Defendants filed separate answers to the Complaint. ECF Nos. 5–6.

After discovery commenced, the discovery deadline was extended to September 1, 2017. ECF Nos. 18, 23. In mid-June 2017, Plaintiff served deposition notices for two of Defendants' insurer's adjusters and requested that the insurer produce its documents regarding the parties, including the claim file. ECF No. 30-3. On July 17, 2017, Defendants filed a Motion for Protective Order (hereinafter "the Motion"). ECF No. 30. On July 27, 2017, Plaintiff filed an

1

opposition to Defendants' Motion, ECF No. 32, and subsequently filed a supplement, ECF No. 33. Defendants responded to Plaintiff's opposition on August 2, 2017. ECF No. 34.

This matter is now fully briefed.[1] Upon review of Defendants' Motion, Plaintiff's opposition and supplement, and Defendants' response, the Court finds no hearing is necessary. *See* Local Rule 105.6. For the reasons stated herein, the Court DENIES Defendants' Motion for Protective Order.

## I.  Factual Background

This lawsuit arises out of a motor vehicle accident that occurred on July 21, 2014 near the intersection of Route 50 and Golf Course Road in Berlin, Maryland. In her Complaint, Plaintiff alleges that Defendant Baily, as an employee of Defendant Thoroughgood's, negligently drove his motor vehicle into the rear of her car which was lawfully stopped at an intersection, injuring Plaintiff as a result. ECF No. 30 at 4. Defendants deny liability. *Id.*

On June 8, 2017, Plaintiff deposed John Thoroughgood, President of Defendant Thoroughgood's, and Defendant Bailey. ECF No. 30 at 4. On or around June 12, 2017, Plaintiff noted the depositions of two insurance adjusters, Robin Raymond and Gail Mandell, employees of the Harford Mutual Insurance Company, the Defendants' insurer, requesting that they produce the claim file and any other documents regarding the parties. ECF No. 30-3. Defendants now move for a protective order for their insurance adjusters, arguing that the requested information is privileged and protected by the attorney work-product doctrine. ECF No. 30.

---

[1] On December 22, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

## II. Burden of Proof

Under Federal Rule of Civil Procedure 26(c), the authority to grant or deny a protective order is within the purview of the Court. Discovery rules are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Protective orders pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (citation omitted). The party moving for a protective order bears the burden of establishing good cause. *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D.Md. 2012).

As stated previously, Defendants have asserted that the requested information constitutes privileged work product because it was prepared in anticipation for litigation. "In diversity cases, work-product protection is governed by the uniform federal standard outlined in Fed.R.Civ.P. 26(b)(3)." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 297 F.R.D. 611, 615–16 (D.Kan. 2014) (citation omitted). Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure states that:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, . . . insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and

>> **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The Fourth Circuit set forth a three part framework for determining the availability of work-product protection:

> First, we must determine whether the work product was made "in anticipation of litigation." If not, then the inquiry ends because the material is not protected. If the material was prepared in anticipation of litigation, then we must determine whether the material is "opinion work product" or "non-opinion work product." Opinion work product prepared in anticipation of litigation is absolutely immune from discovery. Finally, if the material is nonopinion work product, then it may be discovered upon a showing of "substantial need." *See National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983–84 (4th Cir. 1992).

*Sandberg v. Va. Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir. 1992).[2]

As the party asserting work-product protection, Defendants have the burden to show that the claim file, the withheld allegedly privileged information, is actually privileged. Fed.R.Civ.P. Rule 26(b)(5); *Sandberg*, 979 F.2d at 355 (citations omitted). Defendants must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged, will enable other parties to assess the claim. Fed.R.Civ.P. 26(b)(5)(A)(ii). In addition, Defendants must do so with particularity for each document, or category of documents, for which privilege is claimed and general assertions of privilege are insufficient. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D.Md. 2008); *see also Caruso v. Coleman Co.*, No. 93-CV-6733, 1995 WL

---

[2] The court vacated its decision in *Sandberg* upon the unopposed request of one of the parties. *See Sandberg v. Va. Bankshares, Inc.*, 1993 WL 524680 (4th Cir. Apr.7, 1993). Nevertheless, a vacated opinion has precedential effect if it has been "validated" by the court of appeals. *See Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 459 (4th Cir. 1988). *Sandberg* has been cited with approval by the Fourth Circuit on multiple occasions. *See, e.g., Horne v. Owens–Corning Fiberglas Corp.*, 4 F.3d 276, 280 (4th Cir. 1993); *see also RLI Ins. Co. v. Conseco, Inc.*, 477 F.Supp. 2d 741, 746 n. 7 (E.D.Va. 2007).

384602, at *1 (E.D.Pa. June 22, 1995) ("A general allegation of privilege is insufficient. Instead, a clear showing must be made which sets forth the items or categories objected to and the reason for that objection. Accordingly, the proponent must provide the court with enough information to enable the court to determine the privilege, and the proponent must show by affidavit that precise facts exist to support the claim of privilege." (citations omitted)).

### III. Discussion

In their Motion, Defendants assert that the entire claims file is protected from disclosure because its investigation of the accident, and the subsequent file produced as a result of its investigation, were done in anticipation of litigation. ECF No. 30 at 6. In particular, Ms. Raymond, one of the insurance adjusters, stated that she only contacted Defendants after Plaintiff's husband called and advised that his wife intended to make a claim against Defendant Thoroughgood's, the insured, as a result of the accident. ECF No. 30-4. Therefore, Defendants argue, the insurance company was aware at the time that it began its investigation that there was a substantial probability that litigation would occur over the claim. Plaintiff, on the other hand, argues that Defendants may not use the work-product doctrine to shield those documents which it created or gathered in the ordinary course of investigating this claim. ECF No. 32 at 11. For the reasons stated below, the Court agrees with Plaintiff.

Whether documents are prepared in anticipation of litigation ultimately requires "a case-by-case analysis, considering the unique factual context of the given problem." *Black & Veatch Corp.*, 297 F.R.D. at 618 (quoting *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 659 (D.Kan. 2007)). In *Falkner v. General Motors Corp.*, 200 F.R.D. 620 (S.D.Iowa 2001), the magistrate judge acknowledged the complexities of defining the work-product privilege as it pertains to insurance claims files:

5

. . . Although not determinative, factors such as who prepared the documents, the nature of the documents, and the time the documents were prepared are relevant in the analysis. See *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536, 542, 542 n. 42 (N.D.W.Va.2000) (stating no bright-line test determines when investigation is conducted in ordinary course of business and when it becomes in anticipation of litigation). Additionally,

> Courts have routinely recognized that the investigation and evaluation of claims is part of the regular, ordinary, and principal business of insurance companies. Thus, even though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection.

*Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. CIV.A.99–3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000). Moreover, if the party asserting the privilege cannot make a factual showing that the primary purpose of the insurance investigation was in anticipation of litigation, the court may conclude that the investigation was conducted in the ordinary course of investigating a potential insurance claim. *See Holton v. S & W Marine, Inc.*, No.CIV.A.00–1427, 2000 WL 1693667, at *3 (E.D. La. Nov. 9, 2000) (stating "Insurance companies regularly take statements from witnesses during the routine adjustment of a potential insurance claim"; holding defendants' assertions—that prudent parties anticipate litigation and act with that possibility in mind—did not protect statements from discovery absent showing that investigations were conducted primarily for purposes of future litigation and outside ordinary course of investigating potential insurance claim).

While ordinary work product is often that of an attorney, "the concept of work product is not confined to information or materials gathered or assembled by a lawyer." *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 603 (8th Cir.1977). The court also notes, however, that an insurance adjustor attempting to ascertain the facts surrounding an accident, is not in the same position as an attorney considering legal theories. *See Holton*, 2000 W L 1693667, at *2.

*Falkner*, 200 F.R.D. at 623–24.

"Other federal district courts have also been reluctant to afford work product protection to claims files when the insurance company investigates the claim, rather than retained counsel, since the routine and ordinary course of business of an insurance company includes claims investigation." *Lamar Advert. of S.D., Inc. v. Kay*, 267 F.R.D. 568, 577 (D.S.D. 2010); *see also U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F.Supp.2d 1332, 1337 (M.D.Fla. 2007) (stating that "[m]ost courts have held that documents constituting any part of a factual inquiry into or evaluation of a claim, undertaken in order to arrive at a claim decision, are produced in the ordinary course of an insurer's business and, therefore, are not work product"); *Falkner*, 200 F.R.D. at 623 (requiring the party claiming privilege to make a "factual showing that the primary purpose of the insurance investigation was in anticipation of litigation" in order to sustain the privilege); *Hadi v. State Farm Ins. Co.*, No. 2:07-CV-0060, 2007 WL 2994632, at *2 (S.D.Ohio Oct. 11, 2007) (same as *U.S. Fid. & Guar. Co.*). The district court of South Dakota noted that:

> [a]lthough some insurance claims require litigation, it does not necessarily follow that all claim-related documents prepared by an insurance company and its agents are prepared in anticipation of litigation. In fact, one of the primary benefits of insurance is that losses can be covered so that litigation can be avoided. Further, much of the preliminary time and energy expended on adjusting a claim is geared toward settlement, not toward litigation. Claim files generally do not constitute work product in the early stages of investigation when the insurance company is primarily concerned with deciding whether to resist the claim, to reimburse the insured and seek subrogation, or to reimburse the insured and not pursue the claim thereafter.
>
> . . . .
>
> An insurer assembles a claims file any time there is an accident involving one of its insureds, and the fact that an accident merely occurs or that an attorney later becomes involved in the insurer's ordinary course of business does not protect documents or activities from discovery. To the extent the information in [the insurer]'s file was created during factual investigation of the claim, the documents are not privileged. Where the purposes of factual

> investigation and clear trial preparation overlap, this court believes
> that the discoverability of the materials turns on whether the party
> seeking the material has established a substantial need to overcome
> the privilege.

*Kay*, 267 F.R.D. at 577–78 (citations omitted); *see also Caremark, Inc. v. Affiliated Computer Servs. Inc.*, 195 F.R.D. 610, 616 (N.D.Ill. 2000) ("If a document would have been created regardless of whether litigation was anticipated or not, it is not work product."); *Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Co.*, 123 F.R.D. 198, 202 (M.D.N.C. 1988) ("An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate and make a decision with respect to the claims made on it by its insured." (citation omitted)).

Despite Ms. Raymond's statement in her affidavit that she only contacted the insured about the accident after Plaintiff's husband contacted her about bringing a claim against the insured, an investigation by the insurer and any statements made in a report would constitute the normal course of business for the insurer. Ms. Raymond's affidavit states that one condition of insurance was that the insured report accidents. The insurer's lack of prior notice of the accident and subsequent investigation was necessary because coverage had not yet been determined. The fact that Ms. Raymond reached out to the Defendants, rather than the inverse, does not change the fact that such an investigation constitutes the normal course of business because the insurer would have performed the same investigation, creating the same documents in essentially the same way, in the absence of the proposed litigation.

Therefore, for the reasons stated herein, and in accordance with Fed.R.Civ.P. 26, the Motion is denied. Defendants did not meet their burden to show that the claim file documents were privileged. Prior to the deposition and the production of the requested documents, Defendants may review the claim file documents in order to assert specific work-product

privilege claims if any documents fall outside of the ordinary course of business, but a broad claim of privilege will not suffice. Defendants' motion to prohibit the depositions of their insurance adjusters is also hereby DENIED.

An Order will follow.

Date: 28 August 2017

A. David Copperthite
United States Magistrate Judge