IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDY GIOIOSO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. ADC-16-3841 |
| | * | |
| THOROUGHGOOD'S TRANSPORT, LLC | * | |
| and MICHAEL D. BAILEY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

There are currently three pending motions before the Court. First, Defendants Thoroughgood's Transport, LLC and Michael D. Bailey (collectively, "Defendants") filed a Motion in Limine ("Defendants' First Motion in Limine") (ECF No. 63), seeking to preclude Dr. Steven C. Ludwig, a spinal surgeon that operated on Plaintiff Judy Gioioso, from serving as an expert witness at trial. ECF No. 63 at 1. Defendants filed a second Motion in Limine ("Defendants' Second Motion in Limine") (ECF No. 64), seeking to preclude Plaintiff from offering photographs of her vehicle taken after the accident and from referring to the vehicle as "totaled" during trial. ECF No. 64 at 1. Defendants filed a third Motion for Separate Trial (ECF No. 65), requesting that the Court bifurcate the trial for Count III (Negligent Entrustment against Thoroughgood's Transport, LLC) from the trial for Count I (Negligence against Mr. Bailey) and Count II (Respondeat Superior against Thoroughgood's Transport, LLC) on the basis that one trial on all counts would prejudice Defendants. ECF No. 65 at 1–2. After considering each of the motions and the responses thereto, the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). For the reasons set forth herein, the Court will RESERVE ruling on

Defendants' First Motion in Limine (ECF No. 63) until trial, DENY Defendants' Second Motion in Limine (ECF No. 64), and DENY Defendants' Motion for Separate Trial (ECF No. 65).

## FACTUAL BACKGROUND

This lawsuit arises out of a motor vehicle accident that occurred on July 21, 2014 near the intersection of Route 50 and Golf Course Road in Worcester County, Maryland. ECF No. 1 at 2. In her Complaint, Plaintiff alleges that Mr. Bailey, as an employee of Defendant Thoroughgood's Transport, LLC, negligently drove his motor vehicle into the rear of her car, which was lawfully stopped at the intersection. *Id.* As a result, Plaintiff alleges that she sustained physical injuries that required her to undergo three surgeries and incurred substantial medical expenses. *Id.* at 3; *see* ECF No. 63-1.

## PROCEDURAL BACKGROUND

On November 30, 2016, Plaintiff filed suit in this Court against Defendants alleging negligence against Mr. Bailey, as well as vicarious liability and negligent entrustment against Thoroughgood's Transport, LLC. ECF No. 1. On December 7, 2016, the Defendants filed separate answers to the Complaint, each denying liability.[1] ECF Nos. 5, 6.

On October 1, 2018, Defendants filed the three pending motions. First, Defendants filed Defendants' First Motion in Limine to preclude Dr. Steven C. Ludwig from serving as an expert witness for Plaintiff at trial. ECF No. 63. Next, Defendants filed Defendants' Second Motion in Limine to preclude Plaintiff from offering photographs of the condition of her vehicle after the accident and from referring to the vehicle as "totaled" during the trial. ECF No. 64. Lastly,

---

[1] On December 22, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 12.

2

Defendants filed the Motion for Separate Trial, seeking bifurcation of Count III for Negligent Entrustment from Counts I and II, for Negligence and Respondeat Superior. ECF No. 65. Plaintiff opposed each of these motions on October 18, 2018.[2] ECF Nos. 71, 72, 73. Defendants filed a reply regarding the Motion for Separate Trial on October 23, 2018. ECF No. 78.

These matters are now fully briefed and the Court has reviewed Defendants' Motions, as well as the responses thereto. For the foregoing reasons, ruling on Defendants' First Motion in Limine (ECF No. 63) will be reserved until trial. Defendants' Second Motion in Limine (ECF No. 64) is DENIED. Defendants' Motion for Separate Trial (ECF No. 65) is DENIED.

## DISCUSSION

### A. Defendants' Motions in Limine

1. Standard of Review

"A motion in limine seeks 'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F.Supp.3d 740, 745 (D.Md. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "Such motions are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). "A motion in limine to exclude evidence . . . should be granted only when the evidence is clearly inadmissible on all potential grounds." *Emami v. Bolden*, 241 F.Supp.3d 673, 681 (E.D.Va. 2017) (citations and internal quotation marks omitted). "A ruling on a motion in limine is no more than a preliminary or advisory opinion that falls entirely within the discretion of the [trial]

---

[2] Pursuant to Local Rule 105.2(a), "all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion." Loc.R. 105.2(a) (D.Md. 2016). Defendants' motions were filed and electronically served on Plaintiff on October 1, 2018. ECF Nos. 63, 64, 65. Therefore, Plaintiff's responses were required to be filed no later than October 15, 2018 in order to be timely. Nevertheless, the Court has considered Plaintiff's responses as there was no objection by Defendants.

court." *Adams v. NVR Homes, Inc.*, 141 F.Supp.2d 554, 558 (D.Md. 2001) (citing *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)).

### 2. Defendants' First Motion in Limine

On October 1, 2018, Defendants filed the First Motion in Limine, seeking to preclude Dr. Steven C. Ludwig, a spinal surgeon that operated on Plaintiff in April 2018, from testifying as an expert at trial regarding the causal relationship between the surgeries and the motor vehicle accident. ECF No. 63-2 at 1. Defendants contend that Plaintiff failed to name Dr. Ludwig as a treating physician or an expert in her mandatory disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2) and, therefore, should be precluded from calling Dr. Ludwig at trial. *Id.* at 2–3. In her response, Plaintiff states that "Dr. Ludwig in all likelihood will not be called as a witness" because he "refuses to take a position that could result in his having to be called as a witness." ECF No. 72 at 1. Accordingly, the Court declines to rule on Defendants' First Motion in Limine unless Dr. Ludwig is called to testify at trial.

### 3. Defendants' Second Motion in Limine

Defendants also filed the Second Motion in Limine, seeking to preclude Plaintiff from offering "[p]hotographs of Plaintiff's motor vehicle after the accident" and "[t]estimony or references to the fact that Plaintiff's vehicle was 'totalled' [sic] after the accident." ECF No. 64 at 1. As to the photographs of Plaintiff's vehicle, Defendants contend that such photographs "are neither relevant nor material as they show both old damage to Plaintiff's vehicle as well as damage allegedly attributable to the accident." *Id.* As to testimony or references to the vehicle being "totaled," Defendants contend that such a description "is neither relevant nor material, and is prejudicial." *Id.* at 1–2.

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. However, pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

### *Photographs of Plaintiff's Vehicle After the Accident*

In addition to arguing that the photographs of Plaintiff's vehicle after the accident are irrelevant and immaterial, Defendant relies upon a Maryland Court of Appeals case, *Mason v. Lynch*, 878 A.2d 588 (Md. 2005), to argue that the photographs should not be admitted because they "do not depict the condition of the motor vehicle as a result of the accident alone." ECF No. 64-1 at 2. Rather, Defendant asserts that "Plaintiff had unrepaired damage in excess of $1,000.00 as a result of a prior accident to the rear of her motor vehicle." *Id.*

In *Mason v. Lynch*, the Maryland Court of Appeals upheld admission of photographs depicting damage to the plaintiff's vehicle, noting that "photographs and testimony, showing or describing vehicular damage or the nature of the impact, are relevant with respect to the personal injuries suffered in a motor vehicle accident and, in the trial judge's discretion, are admissible." 878 A.2d at 598. The Court of Appeals explained its reasoning as follows:

> [T]he plaintiff herself testified that the photographs at issue accurately represented the damage done to her automobile as a result of the accident. None of the reasons for excluding the photographs recognized by Maryland law is applicable in this case. The photographs allowed the jury to visualize the nature of the accident. The testimony . . . described . . . the minimal damage to [an] automobile, . . . and the damage to [defendant]'s vehicle

5

> consisting only of paint scratches. The photographs illustrated
> these descriptions and this testimony.

*Id.* at 597–98 (footnotes and internal quotation marks omitted).

Here, as stated in *Mason*, the photographs of Plaintiff's vehicle taken after the accident are relevant to the injuries Plaintiff allegedly suffered. Furthermore, Plaintiff asserts that she "will testify that the photographs of her motor vehicle are fair and accurate depictions of the vehicle following the accident." ECF No. 71 at 1. Although they may show pre-existing damage to Plaintiff's vehicle not attributable to the accident, the photographs will permit the jury to visualize the nature of the accident in conjunction with the testimony that will be provided. Additionally, Defendants are free to present evidence or cross-examine the witness to show that the damage depicted in the photographs was not solely caused by the accident. Accordingly, Defendants' Second Motion in Limine as to exclusion of the photographs is DENIED.

### *Testimony or References to Plaintiff's Vehicle Being "Totaled"*

Defendants also seek to preclude Plaintiff from describing her vehicle as "totaled" because the description "does not accurately reflect the nature and extent of the damage to the vehicle" and "generates significant issues of unfair prejudice and/or confusion, particularly when the damage to the vehicle was caused by two (2) accidents, not one." ECF No. 64-1 at 4–5.

As discussed, Federal Rule of Evidence 403 permits a court to exclude relevant evidence where the probative value of the evidence is outweighed by its prejudicial effect. Fed.R.Evid. 403. "The decision to exclude relevant evidence pursuant to Rule 403 is committed to the sound discretion of the trial court." *Adams v. NVR Homes, Inc.*, 141 F.Supp.2d 554, 558 (D.Md. 2001) (citations omitted). "[T]he Fourth Circuit has indicated that it generally favors admissibility, and will find undue prejudice only if there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered

evidence." *Id.* (citations and internal quotation marks omitted). "If evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" *Id.* (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)).

Precluding Plaintiff from testifying or referring to her vehicle as "totaled" in this case would be contrary to Fourth Circuit precedent as well as the intent of Rule 403. *See, e.g.*, *United States v. Wells*, 163 F.3d 889 (4th Cir. 1998) (noting the Court of Appeals for the Fourth Circuit's preference for admissibility of evidence). Defendants' concern that the adjective "totaled" will mislead the jury or lead to confusion of the issues is unpersuasive, and Defendants present no other specific examples of unfair prejudice that would occur. Moreover, this Court again notes that Defendants are free to attack Plaintiff's characterization of the damage. Accordingly, Defendants' Second Motion in Limine as to exclusion of testimony or references to Plaintiff's vehicle being "totaled" is DENIED.

## B. Defendants' Motion for Separate Trial

### 1. Standard of Review

Defendants' Motion for Separate Trial (ECF No. 65) implicates Rule 42(b) of the Federal Rules of Civil Procedure, which provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed.R.Civ.P. 42(b). "Similar to the decision to consolidate, the decision to order separate trials is within the Court's 'sound discretion.'" *Wood v. Walton*, Nos. WDQ-09-3398, WDQ-10-3422, 2012 WL 6137622, at *3 (D.Md. Dec. 7, 2012) (quoting *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953)). "Although complex issues may

justify bifurcation, separating issues for trial is not to be routinely ordered." *Id.* (footnote and internal quotation marks omitted).

2. Defendants' Motion for Separate Trial

In addition to the Motions in Limine previously addressed, Defendants also filed the Motion for Separate Trial on October 1, 2018, requesting that the Court bifurcate the trial for Count III, Negligent Entrustment, from the trial for Counts I and II, Negligence and Respondeat Superior. ECF No. 65 at 1. Specifically, Defendants argue that holding trial on Count III with the other counts "would unduly prejudice the Defendants as it would . . . involve the admission of prior accidents, traffic violations and other prior alleged misconduct on the part of [Mr. Bailey]" and that "such evidence would not be admissible in the trial of Counts I and II." *Id.* at 1–2. Defendant further contends that trial on Count III is unnecessary and should be severed until Counts I and II are resolved as the outcome on those counts may obviate the need for trial on Count III. ECF No. 65-1 at 1–3.

As noted, separate trials are permissible in a limited number of instances pursuant to Federal Rule of Civil Procedure 42(b), but "bifurcation is the exception rather than the rule in civil cases." *Cherdak v. Stride Rite Corp.*, 396 F.Supp.2d 602, 604 (D.Md. 2005). Defendants rely on *Dawson v. Prince George's County*, 896 F.Supp. 537 (D.Md. 1995), a federal civil rights case brought pursuant to 42 U.S.C. § 1983 in which bifurcation of claims was ordered, in support of their argument for separate trials. Defendants' reliance on *Dawson* is misplaced, however, as "[t]his Court has consistently held that in the context of Section 1983 claims, bifurcation . . . is appropriate and often desirable." *Burgess v. Balt. Police Dept.*, No. RDB-15-0834, 2016 WL 1159200, at *2 (D.Md. Mar. 23, 2016). Unlike Section 1983 claims, this Court has no such preference for bifurcation of counts in a personal injury context. Furthermore, Defendants'

concerns regarding prejudice are unpersuasive. These concerns can easily be alleviated with an instruction to the jury as to which evidence is to be considered for each count. Accordingly, the Court DENIES Defendants' Motion for Separate Trial.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court reserves ruling on Defendants' First Motion in Limine (ECF No. 63), and Defendants' Second Motion in Limine (ECF No. 64) is DENIED. Furthermore, pursuant to Federal Rule of Civil Procedure 42(b), Defendant's Motion for Separate Trial (ECF No. 65) is DENIED. A separate order will follow.

Date: 24 October 2018

A. David Copperthite
United States Magistrate Judge